608 S.E.2d 428

**CURTIS SHELL, Petitioner,**

v.

**RICHLAND COUNTY SCHOOL DISTRICT ONE, Respondent.**

No. 25929.

Supreme Court of South Carolina.

Heard Jan. 6, 2005.

Decided Jan. 24, 2005.

W. Allen Nickles, III, Carl L. Solomon, and Dona L. Guffey, all of Gergel, Nickles & Solomon, P.A., of Columbia, for Petitioner.

Andrea E. White, Charles J. Boykin, and Karen E. Lear, all of Duff Turner White & Boykin, L.L.C., of Columbia, for Respondent.

Justice PLEICONES:

Respondent terminated petitioner's (Shell's) teaching contract, finding him unfit to teach.[1] The circuit court reversed this decision, holding it was not supported by substantial evidence. On appeal, the Court of Appeals reversed the circuit court and reinstated the termination. *Shell v. Richland County School Dist. One,* Op. No.2003–UP–503 (S.C. Ct.App. filed August 27, 2003). We granted Shell's petition for writ of certiorari, and now reverse the Court of Appeals.

## FACTS

In 1988, Shell was arrested for possession of crack cocaine. The crack was found in a car in which Shell was a passenger; the drugs were wrapped in one of Shell's personal checks. The 1988 charge was subsequently dismissed by the solicitor.

In 2000, Shell was again arrested, this time for attempted possession of crack cocaine. In this incident, Shell remained in his car in a well-known drug area while his passenger "went to visit a friend." After the passenger purchased crack, but before he returned to Shell's car, he and Shell were arrested as part of a sting operation. The 2000 charge was dropped after the passenger pled guilty.

Following Shell's second arrest, respondent placed him on administrative leave to further investigate "the allegations of attempting to possess crack cocaine" and "to consider if sufficient grounds exist for termination." Several months later, respondent's superintendent sent Shell a letter stating that Shell's teaching contract was being terminated pursuant to S.C.Code Ann. § 59–25–430. This letter referenced the earlier letter that suspended Shell, which had stated the suspension would continue "pending the conclusion of the district's investigation into your arrest for possession of crack cocaine. This type of behavior along with similar behavior in the past ... brings into question your fitness for teaching."

---

1. See S.C.Code Ann. § 59–25–430 (1990).

Shell requested a hearing before respondent's Board of Commissioners to contest the superintendent's termination decision. At the hearing, the superintendent testified that the decision to terminate Shell's teaching contract was based solely on Shell's unfitness, that is, his arrests under suspicious circumstances. The superintendent testified he did not consider the negative publicity attendant to Shell's 2000 arrest in making his decision. Further, respondent's attorney stipulated at the hearing that Shell's performance in the classroom was not an issue.[2] Following an evidentiary hearing, respondent's Board of Commissioners upheld the superintendent's firing decision, finding:

> ... [S]ubstantial and compelling evidence that justifies the immediate termination of Mr. Shell's employment with Richland County School District One based on Mr. Shell's evident unfitness as manifested by his conduct. Conduct which, after a reasonable time for improvement, 12 years, shows an evident failure to improve. The Board determined that the evidence established sufficient and just cause for this action.

Shell appealed to the circuit court. Respondent's attorney conceded that it had no evidence that Shell was involved in the illegal use, possession or sale of drugs. The circuit court held that being arrested but not convicted for two criminal charges, twelve years apart, did not constitute substantial evidence that Shell was unfit to teach and reversed the termination decision.

On appeal, the Court of Appeals reviewed the entire record, and found substantial evidence of Shell's unfitness. In addition to Shell's conduct in being twice arrested on drug charges, the Court of Appeals cited to evidence in the record of what it characterized as Shell's dishonesty, and to testimony that the publicity surrounding Shell's 2000 arrest and the negative response it engendered among the school's teachers, parents, and children led Shell's principal to conclude it was not in the students' best interests to be taught by Shell. The Court of Appeals concluded the record contained substantial evidence that Shell was unfit to teach, and reinstated the termination. *Shell v. Rich. Cty. School Dist. One, supra.* We

---

**2.** This attorney does not represent respondent on certiorari.

granted Shell's petition for a writ of certiorari to review this decision.

## ISSUE

Did the Court of Appeals err in finding substantial evidence in the record to support Shell's termination?

## ANALYSIS

Shell contends, and we agree, that appellate review of a teacher's termination must be confined to the ground(s) stated in the order terminating his employment. *See e.g., Laws v. Richland County School Dist. No. 1,* 270 S.C. 492, 243 S.E.2d 192 (1978) (scope of review of cases brought pursuant to Teacher Employment and Dismissal Act limited to whether grounds given for termination are supported by substantial evidence). The Court of Appeals erred in scouring the record and making its own independent evidentiary findings to support the termination.

We agree with the circuit court that the mere fact of two drug arrests, twelve years apart, neither of which resulted in formal charges, is insufficient to support a finding of unfitness to teach, especially when the school district does not contend Shell ever used, possessed, or sold illegal drugs.

## CONCLUSION

We reverse the decision of the Court of Appeals. Shell is entitled to return to his employment, to an award of back pay, and to reinstatement of benefits from the date of his suspension without pay.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.